# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO HERNANDEZ-TORRES, | 1:09-01092-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| SUGRUE, Warden | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  (Court Doc. 8.)

Petitioner filed the instant petition for writ of habeas corpus on June 8, 2009, in the United States District Court for the Eastern District of California, Sacramento Division.  By order filed June 22, 2009, the petition was transferred to this Court.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner is seeking a transfer to a medical facility due because his needs are allegedly not being properly meet at the California City Correctional Institution.  Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## ORDER

Accordingly, it is HEREBY ORDERED that the instant petition for writ of habeas corpus is DISMISSED because it does not allege grounds that would entitle Petitioner to habeas corpus relief.


IT IS SO ORDERED.

Dated:   **June 30, 2009**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE